RECEIVED

JAN 1 4 2022

ELIZABETH G. FLORES, CLERK
EIGHTH COURT OF APPEALS

08-21-00156-CV

Case No. 08-21-00156-CV

IN THE COURT OF APPEALS
FOR THE EIGHTH DISTRICT OF TEXAS - EL PASO

FILED IN
COURT OF APPEALS

JAN 18 2022

ELIZABETH G. FLORES
CLERK 8th DISTRICT

UPCURVE ENERGY PARTNERS, LLC, *Appellant*

V.

KURT MUENCH, LANCE MUENCH, MARK MUENCH, FRANK W. FOUTS, IV

AND SHEILA D. STIBOLT, *Appellees*

On Appeal from the

143rd JUDICIAL DISTRICT COURT OF REEVES COUNTY, TEXAS

Trial Court Cause No. 19-09-23159-CVR

-------------------------------------------------------------------------------------------------

BRIEF OF APPELLEES SHEILA D. STIBOLT AND FRANK W. FOUTS, IV

-------------------------------------------------------------------------------------------------

<u>Pro Se Appellees'</u>

Sheila D. Stibolt
5058 Briarwood Circle N.
Kiezer, Oregon 97303
peba4@yahoo.com

Frank W. Fouts, IV
17519 Sunset Dr.
Lowell, IN 46356
815-600-2902

1

## TABLE OF CONTENTS

Index of Authorities.................................................................page 3

    Tex. Prop. Code Chapter 5......................................page 3

    Illinois Statue........................................................page 3

    United States Constitution.....................................page 3

    Illinois Attorney Henry Repay.................................page 3

    Trial Court's original final Judgment....................page3/4

    Property Interests.................................................page 4

    The 1981 Deed....................................................page 4

    The Nonmaterial Correction Instrument...................page 4

    Definition of "Prima Facie"....................................page 4

Reference Citation Guide....................................................page 4

Statement of the Case.......................................................page 5

Issue Presented................................................................page 6

Statement of Facts............................................................page 6

    I. Explanation.......................................................page 6

    II. Trial Courts Ruling............................................page 6

    III. A Survivorship Deed.........................................page 7

    IV. The Problem...................................................page 7

    V. The Solution....................................................page 7

VI. The United States Constitution................................................page 8

Argument................................................................................page 8

Summary of Argument...........................................................page 9

Conclusion and Prayer............................................................page 10

Certificate of Compliance.......................................................page 12

Certificate of Service.............................................................page 13

## Index of Authorities

Texas Property Code Chapter 5

Sec. 5.028. & Sec. 5.030. Correction Instruments:  Nonmaterial Corrections.

Sec. 5.028. - (a-1) -- (b), (c), "(d) - (1) & (2)." ... (Appendix A)

Sec. 5. 030. - (a) -- (1), (2), (3), (4) -- (b). ... (Appendix  A)

Illinois Compiled Statues Designation

Property (765 ILCS 1005/1) Joint Tenancy Act ... (Appendix B)

United States Constitution

Article 1 Section 10 ... (Appendix C)

Illinois Attorney Henry Repay

Repays explanation of the Illinois Designation ... (Appendix D)

Trial Court's original final Judgment

Judge Swanson's final Judgment  (Appendix E)

Property Interests

Shows Property interests as 1/5 each for the 5 Grandchildren  of Dorothy

M. Werner (Appendix F)

The 1981 Deed

Dorothy M. Werners 1981 deed transferring  her property to her children

(Appendix G)

The Nonmaterial Correction Instrument

Michael Lantry's signed copy of the nonmaterial correction (Appendix H)

Definition of "Prima Facie"

(Appendix I)

## Reference Citation Guide

Appellee's Sheila D. Stibolt and Frank W. Fouts, IV ... use these references to the

parties and the subject matter:

"Fouts and Stibolt," "Stibolt and Fouts," "Sheila and I"

UpCurve Energy Partners, LLC:

"UpCurve," UpCurves Counsel,"  "Appellant"

Dorothy M. Werner's Quit Claim Deed dated July 31, 1981 acknowledging the Transfer of the 160 acre parcel of land located with in Reeves County, Texas, to her three children, recorded in Volume 408, page 81, Reeves County, Texas:

The "1981 Illinois deed,"   the "1981 deed,"   the "subject property"

The Southeast 1/4 of section 28, Block C-8, Public School Lands, Reeves County, Texas containing 160 acres of land:

The "property,"    The "property in question"

Attorney Michael Lantry who drafted the 1981 Quit Claim Deed for Dorothy M. Werner and signed the Nonmaterial Correction Deed:

"Lantry"

Shirley Muench, Richard Werner, Geraldine Fox are the Grantees of the 1981 Quit Claim Deed from Dorothy M. Werner, Their Biological Mother:

"Grantees"

## Statement of the Case

The Appellee's Fouts and Stibolt adopt Appellant's Statement of the case.

5

## Issue Presented

Everyone has said the 1981 Illinois deed was an unambiguous deed but yet everyone (except Sheila and I) are debating over the facts of seperate property vs. community property. This Seems to be an ambiguous situation. The only issue that We can see is there is an ambiguous situation in an agreed upon unambiguous deed. How is this possible? Would we have this same debate if the 1981 deed was recognized as a Survivorship Deed? All of these debates would disappear and the 1981 deed would be totally unambiguous. Actually as Dorothy M. Werner, our Grandmother, intended it to be.

## Statement of the Facts

I. Explanation: Sheila and I understand that this case only revolves around the Separate Property or Community Property issues.

II. Trial Courts Ruling: The Trial Courts Ruling is very Specific in that the 1981 Illinois quit claim deed did not explicitly include survivorship language , and accordingly, the subject property was not transferred to the Grantees with rights of survivorship (This was according to Texas). (Appendix E). The Trial Court never says the Nonmaterial Correction Deed was not a valid instrument. That deed was not a scope of the case that was presented to the Trial Court.

III. A Survivorship Deed: The Facts still remain that the 1981 deed was in fact a survivorship deed in Illinois. Everyone associated with this case agreed that the 1981 deed was in fact a Survivorship Deed in Illinois where the deed was Created. The Illinois Attorney followed the rules of Illinois which Required the Designation that is clearly within the four corners which state ... "Not in Tenancy in Common but in Joint Tenancy". Now there are very specific rules that must be followed for a survivorship deed to be valid even in Texas. The Grantees followed these rules from conception of the deed until there individual deaths. Our mother Geraldine Fox was the last man standing and held complete ownership. Before her death she transferred the property to the Grandchildren of Dorothy M. Werner as this was our Grandparents intent.

IV. The Problem: When UpCurve Energy Partners, LLC said there was a problem we quickly contacted the original drafter of the 1981 deed, Attorney Michael Lantry. Even though 40+ years had gone by he could still understand the meaning of the required Illinois designation that he placed within the four corners which meant this was a survivorship deed in Illinois. Lantry gladly agreed to sign a Nonmaterial Correction Instrument to clarify for Texas requirements the fact that the 1981 deed was in fact a survivorship deed by inserting the words"with rights of survivorship".

V. The Solution: Two Texas Attorneys Drafted that nonmaterial correction deed

according to Texas Property codes 5.028. and 5.030. for nonmaterial corrections. (Appendix A) (Appendix D) Everything was recorded and followed according to Texas property codes 5.028. and 5.030. (Appendix A) In the Texas property code for nonmaterial correction it specifically states "prima Facie" ... it must be considered correct but can be challenged. Under 5.030. Correction instrument: effect. (a - 2, 3, 4) (Appendix A). As of yet no one has challenged the nonmaterial correction. Can we just assume that it is not valid because UpCurve says so? The Texas code says Challenge it ... We Welcome that challenge. How can anything be decided without that challenge? So accordingly, according to Texas this nonmaterial correction is a valid instrument.

VI. The United States Constitution: Moving on to the United States Constitution Article 1 Section 10 clearly states: No State shall enter into any law impairing the obligation of a contract. This is called the contract clause. Dorothy M. Werners 1981 deed was a contract that transferred her property to her three children with the rights of survivorship. (Appendix C) Does Texas abide by the laws of the Constitution of the United States of America?

**Argument**

At this point the Argument stems around the nonmaterial correction deed. Was the nonmaterial correction deed drafted to make a material change in the 1981

8

deed or was it made to clarify for Texas requirements what the Illinois deed actually stated within the four corners, was the Illinois deed unambiguous in Illinois as a survivorship deed? Did Lantry "Attempt" to change the Illinois deed or did he only Clarify for Texas requirements? We feel the Illinois deed is very clear and contains all the unambiguous information that is needed to support the survivorship issue. Now if the 1981 deed was in fact a survivorship deed in Illinois, Lantry only made a nonmaterial correction for Texas requirements. If this was a valid survivorship deed would there be all of this debate on community property vs. separate property? Everyone has said this deed was unambiguous, so why has this seemingly turned into an ambiguous situation?

## Summary of Argument

UpCurve Energy has totally ignored the facts surrounding the nonmaterial correction instrument. They would prefer that it would just disappear or be ignored. If UpCurve wishes to challenge the validity of this deed we Welcome them to do so. If they wish not to challenge Lantry's nonmaterial correction then they can't prove it is not valid and with that said it should stand as valid. UpCurve states Appellee's Fouts and Stibolt have the burden of proving Superior Title. We don't know how much more proof we can give you....We have Superior Title...Now UpCurve needs to bear the burden of Superior Title.

9

## Conclusion and Prayer

Sheila and I intended to have a Trial by Jury ... UpCurve Counsel verbally stated he did not want this to happen. The only accomplishment that was made by UpCurve Counsel regarding The Writ of Mandamus was to eliminate the Jury Trial. Sheila and I had every intention of appealing the Trial Courts decision But Life issues combined with the time restraint prevented us from proceeding forward. Sheila and I would like the Trial Courts decision to be reversed in our favor by this Appellate Court which would reconfigure the interest in the 160 acre tract as follows: Kurt, Lance, Mark muench, Sheila and myself 1/5 interest in the 160 acre property as our Grandparents intended (Appendix F), excluding any other interests. If for some reason that can't be accomplished we pray that this Honorable Appellate Court sends us back to the Trial Court for us to have a Trial by Jury.

## Famous Quote

"Any State, Any Entity, Any Ideology which fails to Recognize the Worth,

the Dignity, the Rights of Man...

That State is Obsolete."

Rodman Edward Serling

Respectfully Submitted,

Sheila D. Stibolt

5058 Briarwoo Circle N.

Kiezer, OR 97303

peba4@yahoo.com

Pro Se

Frank W. Fouts, IV

17519 Sunset Dr.

Lowell, IN 46356

815-600-2902

Pro Se

## Certificate of Compliance

This is a document generated in wordpad that complies with the type-volume limitations of Texas Rule of Appellate Proceedure 9.4(i)(2)(B) because it contains 1,579 words, excluding the parts exempted by Texas Rule of Appellate Proceedure 9.4(i)(I).  In making this certificate of compliance, I am relying on the word count of the human hand count method used to prepare the document. This Wordpad program used 14-point typeface for all the text as we had no footnotes.

_Sheila D. Stibolt_

Sheila D. Stibolt

_Frank W. Fouts, IV_

Frank W. Fouts, IV

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing has been

mailed through the United States Postal Service on January 10, 2022.


Sheila D. Stibolt

Frank W. Fouts, IV

# CERTIFICATE OF MAILING

**All** listed have been mailed true and correct copies through

United States Postal Service Priority Mail

on January 10, 2022

Hailey Suggs/Nicholas Miller

Graves, Dougherty, Hearon & Moody

401 Congress Ave., ste. 2700

Austin, TX 78701-3790


Michael Sanders

Sanders LLP

P. O. Box 27932

Houston, TX 77227


Murray A. Crutcher, III

Atkins, Hollmann, Jones, Peacock, Lewis & Lyon

3800 E. 42nd st., ste. 500

Odessa, TX 79762

Sean M Guerrero

Stubbeman, McRae, Sealy, Laughlin, & Browder, Inc.

550 West Texas, suite 800

Midland, TX 79701


Sheila D. Stibolt

Frank W. Fouts, IV



Sec. 5.027. CORRECTION INSTRUMENTS: GENERALLY. (a) A correction instrument that complies with Section 5.028 or 5.029 may correct an ambiguity or error in a recorded original instrument of conveyance to transfer real property or an interest in real property, including an ambiguity or error that relates to the description of or extent of the interest conveyed.

(b) A correction instrument may not correct an ambiguity or error in a recorded original instrument of conveyance to transfer real property or an interest in real property not originally conveyed in the instrument of conveyance for purposes of a sale of real property under a power of sale under Chapter 51 unless the conveyance otherwise complies with all requirements of Chapter 51.

(c) A correction instrument is subject to Section 13.001.

Added by Acts 2011, 82nd Leg., R.S., Ch. 194 (S.B. 1496), Sec. 1, eff. September 1, 2011.

*Sec. 5.028. CORRECTION INSTRUMENTS: NONMATERIAL CORRECTIONS.* (a) A person who has personal knowledge of facts relevant to the correction of a recorded original instrument of conveyance may prepare or execute a correction instrument to make a nonmaterial change that results from a clerical error, including:

(1) a correction of an inaccurate or incorrect element in a legal description, such as a distance, angle, direction, bearing or chord, a *reference to a plat or other plat information*, a lot or block number, a unit, building designation, or section number, an appurtenant easement, a township name or number, a municipality, county, or state name, a range number or meridian, a certified survey map number, or a subdivision or condominium name; or

(2) an addition, correction, or clarification of:

(A) a party's name, including the spelling of a name, a first or middle name or initial, a suffix, an alternate name by which a party is known, or a description of an entity as a corporation, company, or other type of organization;

(B) a party's marital status;

(C) the date on which the conveyance was executed;

(D) the recording data for an instrument referenced in the correction instrument; or

(E)  a fact relating to the acknowledgment or authentication.

(a-1)  A *person who has personal knowledge of facts relevant to the* correction of a recorded original instrument of conveyance may prepare or execute a correction instrument to make a nonmaterial change that results from an inadvertent error, including the addition, correction, or clarification of:

(1)  a legal description prepared in connection with the preparation of the original instrument but inadvertently omitted from the original instrument; or

(2)  *an omitted call in a metes and bounds legal description in the* original instrument that completes the description of the property.

(b)  A person who executes a correction instrument under this section may execute a correction instrument that provides an acknowledgment or authentication that is required and was not included in the recorded original instrument of conveyance.

(c)  A person who executes a correction instrument under this section shall disclose in the instrument the basis for the person's personal knowledge of the facts relevant to the correction of the recorded original instrument of conveyance.

(d)  A person who executes a correction instrument under this section shall:

(1)  record the instrument and evidence of notice as provided by Subdivision (2), if applicable, in each county in which the original instrument of conveyance being corrected is recorded; and

(2)  if the correction instrument is not signed by each party to the recorded original instrument, send a copy of the correction instrument and notice by first class mail, e-mail, or other reasonable means to each party to the original instrument of conveyance and, if applicable, a party's heirs, successors, or assigns.

Added by Acts 2011, 82nd Leg., R.S., Ch. 194 (S.B. 1496), Sec. 1, eff. September 1, 2011.
Amended by:
Acts 2013, 83rd Leg., R.S., Ch. 158 (S.B. 887), Sec. 1, eff. September 1, 2013.


Sec. 5.029.  CORRECTION INSTRUMENTS:  MATERIAL CORRECTIONS.  (a)  In addition to nonmaterial corrections, including the corrections described by Section 5.028, the parties to the original transaction or the parties' heirs,

successors, or assigns, as applicable may execute a correction instrument to *make a material correction to the recorded original instrument of conveyance,* including a correction to:

    (1)  add:

      (A)  a buyer's disclaimer of an interest in the real property that is the subject of the original instrument of conveyance;

      (B)  a mortgagee's consent or subordination to a recorded document executed by the mortgagee or an heir, successor, or assign of the *mortgagee;* or

      (C)  land to a conveyance that correctly conveys other land;

    (2)  remove land from a conveyance that correctly conveys other land; or

    (3)  accurately identify a lot or unit number or letter of property owned by the grantor that was inaccurately identified as another lot or unit number or letter of property owned by the grantor in the recorded original *instrument of conveyance.*

    (b)  A correction instrument under this section must be:

    (1)  executed by each party to the recorded original instrument of conveyance the correction instrument is executed to correct or, if applicable, a party's heirs, successors, or assigns; and

    (2)  recorded in each county in which the original instrument of conveyance that is being corrected is recorded.

Added by Acts 2011, 82nd Leg., R.S., Ch. 194 (S.B. 1496), Sec. 1, eff. September 1, 2011.


    Sec. 5.030.  CORRECTION INSTRUMENT: EFFECT.  (a)  A correction instrument that complies with Section 5.028 or 5.029 is:

    (1)  effective as of the effective date of the recorded original instrument of conveyance;

    (2)  prima facie evidence of the facts stated in the correction instrument;

    (3)  presumed to be true;

    (4)  subject to rebuttal; and

    (5)  notice to a subsequent buyer of the facts stated in the correction instrument.

    (b)  A correction instrument replaces and is a substitute for the original instrument.  Except as provided by Subsection (c), a bona fide

B



## Illinois General Assembly

Home   Legislation & Laws   Senate   House   My Legislation   Site Map

Bills & Resolutions

**Compiled Statutes**

Public Acts

Legislative Reports

IL Constitution

Legislative Guide

Legislative Glossary

**Search By Number**
**(example: HB0001)**

Go | Search Tips

**Search By Keyword**

Go
Search Tips

Advanced Search





## Illinois Compiled Statutes

**Back to Act Listing** **Public Acts** **Search** **Guide** **Disclaimer** **Printer-Friendly Version**

**Information maintained by the Legislative Reference Bureau**
Updating the database of the Illinois Compiled Statutes (ILCS) is an ongoing process. Recent laws may not yet be included in the ILCS database, but they are found on this site as Public Acts soon after they become law. For information concerning the relationship between statutes and Public Acts, refer to the Guide.

Because the statute database is maintained primarily for legislative drafting purposes, statutory changes are sometimes included in the statute database before they take effect. If the source note at the end of a Section of the statutes includes a Public Act that has not yet taken effect, the version of the law that is currently in effect may have already been removed from the database and you should refer to that Public Act to see the changes made to the current law.

# PROPERTY
## (765 ILCS 1005/) Joint Tenancy Act.

(765 ILCS 1005/0.01) (from Ch. 76, par. 0.01)
Sec. 0.01. Short title. This Act may be cited as the Joint Tenancy Act.
(Source: P.A. 86-1324.)

(765 ILCS 1005/1) (from Ch. 76, par. 1)
Sec. 1. No estate in joint tenancy in any lands, tenements or hereditaments, or in any parts thereof or interest therein, shall be held or claimed under any grant, legacy or conveyance whatsoever heretofore or hereafter made, other than to executors and trustees, unless the premises therein mentioned shall expressly be thereby declared to pass not in tenancy in common but in joint tenancy; and every such estate other than to executors and trustees (unless otherwise expressly declared as aforesaid, or unless, as to a devise or conveyance of homestead property, expressly declared to pass to a husband and wife as tenants by the entirety in the manner provided by Section 1c), shall be deemed to be in tenancy in common and all conveyances heretofore made, or which hereafter may be made, wherein the premises therein mentioned were or shall be expressly declared to pass not in tenancy in common but in joint tenancy, are hereby declared to have created an estate in joint tenancy with the accompanying right of survivorship the same as it existed prior to the passage of "An Act to amend Section 1 of an Act entitled: 'An Act to revise the law in relation to joint rights and obligations,' approved February 25, 1874, in force July 1, 1874," approved June 26, 1917.
(Source: P.A. 86-966.)

(765 ILCS 1005/1a) (from Ch. 76, par. 1a)
Sec. 1a. Whenever any contract for the purchase of real estate hereafter entered into shows that the title is to be taken by the vendees as joint tenants and not as tenants in common, and one or more of such vendees die before the delivery of the deed to such vendees, then in such case no heir, legatee or legal representative of such deceased vendees shall have or take any right, title or interest under the contract or in such real estate, but the obligation of the vendor or vendors under

*undisputed facts 58*

C

No State shall enter into any Treaty, Alliance, or Confederation; grant Letters of Marque and Reprisal; coin Money; emit Bills of Credit; make any Thing but gold and silver Coin a Tender in Payment of Debts; pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility.

No State shall, without the Consent of the Congress, lay any Imposts or Duties on Imports or Exports, except what may be absolutely necessary for executing it's inspection Laws: and the net Produce of all Duties and Imposts, laid by any State on Imports or Exports, shall be for the Use of the Treasury of the United States; and all such Laws shall be subject to the Revision and Control of the Congress.

No State shall, without the Consent of Congress, lay any duty of Tonnage, keep Troops, or Ships of War in time of Peace, enter into any Agreement or Compact with another State, or with a foreign Power, or engage in War, unless actually invaded, or in such imminent Danger as will not admit of delay.

<<Back | Table of Contents | Next>>

---

|Home| |Constitution| |FAQ| |Topics|
|Forums| |Documents| |Timeline| |Kids| |Vermont|
|Map| |Citation| |Survey| |Support|

---

Web site designed and maintained by Steve Mount.
© 1995-2010 by Craig Walenta. All rights reserved.
Contact the Webmaster.
Site Bibliography.
How to cite this site.
Please review our privacy policy.
Last Modified: 24 Jan 2010
Valid HTML 4.0

# D

# Message: Henry Repay



☆☆☆☆☆ (4 reviews)

930 West Locust Street, Belvidere, IL, 61008-4226

**PRACTICE AREAS**
Bankruptcy and debt, Chapter 7 bankruptcy, Workers compensation, Probate, General practice, Personal injury, Real estate

❯ View full profile (https://www.avvo.com /attorneys/61008-il-henry-repay-1107113.html)

📂 Archive    ⊘ Spam

Henry...Thank you for answering the question but I guess maybe I didn't present my question correctly...I assume that "Joint Tenancy" in Illinois means the deed passes to the surviving owners...so why would the Illinois General Assembly make a Statue/code called the "Joint Tenancy Act" (765 ILCS 1005/)? and...why would an attorney drafting a deed in Illinois insert the language "Not in Tenancy in Common but in Joint Tenancy"...Why was the Statue created? and ...why use these words in a property transfer deed if Joint Tenancy already means Survivorship?

2/27/2021 8:28 AM

*Full answer on the next Page*



Absent any designation, multiple owners of a property in Illinois are considered tenants in common. While they hold an interest in the entire property, their ownership "shares" would pass through their respective estates upon their passing. Statutorily,

2000

Type your message...

**Submit**

By submitting this form, you agree to our Terms of Use (/support/terms) , Community Guidelines (/support/community_guidelines) and Privacy Policy (/support/privacy) .



**Henry Repay**
★★★★★ (4 reviews)

Tenancy"...Why was the Statue created? and ...why use these words in a property transfer deed if Joint Tenancy already means Survivorship?

2/27/2021 8:28 AM

*[handwritten: not in Tenancy in Common but in Joint Tenancy THIS LANGUAGE IS THE DESIGNATION]*

*[handwritten: Compliance with the enabling statue is Required]*

*[handwritten: Very Specific]*

*[handwritten: The Statement of mentioned was "not in Tenancy in Common but in Joint Tenancy"]*

Absent any designation, multiple owners of a property in Illinois are considered tenants in common. While they hold an interest in the entire property, their ownership "shares" would pass through their respective estates upon their passing. Statutorily, the common alternatives are joint tenancy and tenancy by the entirety, each of which have the attribute of survivorship. To create one of these forms of ownership, "compliance with the enabling statute is required." The Joint Tenancy Act was very specific in the language it required to create a joint tenancy and, as such, most deeds you see will contain the full statement that you mention. This has been relaxed a bit in the last few years, but many attorneys will still follow it (either as a "safety net" or because the forms they use have always contained the language). Likewise, there are specific requirements for a tenancy by the entirety.

2000

Type your message...

Submit

By submitting this form, you agree to our Terms of Use (https://www.avvo.com/support/terms) , Community Guidelines (https://www.avvo.com/support/community_guidelines) and Privacy Policy (https://www.avvo.com/support/privacy) .

E

RE:    Cause No. 19-09-23159-CVR
       **Kurt W. Muench, et al v. Upcurve Energy Partners, LLC, et al**
       in the District Court in and for Reeves County, Texas, 143rd Judicial District

Counsel and self-represented parties:

On May 22, 2020, the court conducted a hearing on the various summary judgment motions filed by the Plaintiffs and Defendants. The court took the matters under advisement.

Having considered the pleadings, the motions and the responses, the summary judgment evidence, and the argument of counsel at the May 22, 2020 hearing, the court rules on the motions as follows:

1. The court finds that, pursuant to the parties' First Amended Joint Stipulation, filed on April 29, 2020, the 3 grantees named in the subject 1981 Quit Claim Deed, Shirley A. Muench, Richard A. Werner, and Geraldine Fox (herein, the "Grantees"), were the children of the grantor, Dorothy M. Werner.

2. The court finds that the Grantees, as the children of Dorothy M. Werner, were the natural objects of the bounty of Dorothy M. Werner.

3. The court finds that the transfer of the 160 acres in Reeves County, Texas (herein, the "Subject Property") from Dorothy M. Werner to the Grantees was a gift, rather than a sale.

4. The court finds that the Grantees received the Subject Property as their separate property.

5. The court finds that the 1981 Quit Claim Deed did not explicitly include survivorship language, and accordingly, the Subject Property was not transferred to the Grantees with rights of survivorship.

6. The court grants the Plaintiffs' traditional motion for summary judgment.

7. The court denies the Defendant' motions and cross-motions for summary judgment.

8. The court gives permission for an interlocutory appeal.

The court directs Mr. King to prepare and present a form of judgment to opposing counsel and the self-represented parties for approval as to form, and for subsequent filing with the court.

Yours truly,

*Mike Swanson*

Mike Swanson

MS/ba

F

# Dorothy Werner

IF 1981 QCD GRANTS RIGHTS OF SURVIVORSHIP; *Position of Fouts and Stibolt*

**Result:** Muench 3: 20% each

Fouts and Stibolt: 20% each

---

**James E. Fox, Sr.**

Died Intestate, 1983

- Ronald Fox
- James Fox
- Jeffrey Fox
- Larry Fox

---

Geraldine Werner Fouts Fox (last to survive)

QCD, July 8 2003 in even 1/5ths to:

**Sheila Diane Stibolt**

Frank "Skip" Williams Fouts, Sr.

**Kurt Werner Muench**

Lance Anthony Muench

Mark Alex Muench

---

**20% Ownership Each.**

---

QCD, July 31, 1981 in even 1/3rds to Shirley A. Muench, Richard A. Werner, Geraldine Fox

---

**Richard A. Werner** | **Geraldine Mae Robinson Werner**

Died Intestate, 1999 | Died Intestate, 2006

- Billie Carol Robinson Reed
- James Robinson
- William Robinson
- Robert Robinson

---

**Shirley A. Muench Earl Muench**

Died Intestate, 1998 | Died Intestate, 2014

- Kurt Werner Muench
- Lance Anthony Muench
- Mark Alex Muench

G

STATE OF ILLINOIS )
                  )  SS
COUNTY OF COOK     )

## QUIT CLAIM DEED

KNOW ALL MEN BY THESE PRESENT, That I, Dorothy M. Werner, a widow and not remarried, for and in consideration of Ten and 90/100 Dollars and other good and valuable considerations to me in hand paid by Shirley A. Muench, Richard A. Werner and Geraldine Fox,  have granted, sold and conveyed, AND BY THESE PRESENTS do grant, sell and convey unto the said Shirley Muench of the Village of Homewood, Richard A. Werner of the City of Park Forest, and Geraldine Fox  of the City of Park Forest all being of the County of Cook and State of Illinois, not in Tenancy in Common but in Joint Tenancy, all that certain property located in the County of Reeves and State of Texas described as follows:

> The Southeast one-fourth (SE¼) of Section 28, Block C-8, Public School Land Survey, Reeves County, Texas, containing 160 acres of land.

TO HAVE AND TO HOLD the above described premises together with all and singular the rights and appurtences thereto in any wise belonging, unto the said Shirley A. Muench, Richard A. Werner and Geraldine Fox,  their heirs or assigns forever.  And I do hereby bind myself, my heirs, executors and administrators to warrant and forever defend all and singular the said premises unto the said Shirley A. Muench, Richard A. Werner and Geraldine Fox, their heirs and assigns, against every person whomsoever, lawfully claiming or to claim the same or any part thereof.

WITNESS my hand, this ___9___ day of July A.D. 1981. Signed and delivered in the presence of  Geraldine R. Fox  M. Werner  and Earl A.R. Muench

_Dorothy_

Dorothy M. Werner

WITNESS:  Geraldine R. Fox

Earl A.R. Muench

- 2 -

STATE OF ILLINOIS   )
                    )  SS
COUNTY OF COOK      )

Before me _Michael Lantry_, a Notary Public on this day personally appeared Dorothy M. Werner, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that she executed the same for the purposes and consideration therein expressed.

Given under my hand and seal this __31__ day of July 1981.

_____
Notary Public

My Commission Expires:

_Oct 26, 1984_

This instrument prepared by Michael Lantry, 18159 Dixie Hwy., Homewood, Illinois 60430

H

# CORRECTION QUIT CLAIM DEED
## (Nonmaterial Correction)

**Date:** __April__ __3__, 2017

**Person Executing this Correction Quit Claim Deed:**     Michael Lantry ("Lantry")

**Mailing Address of Lantry:**

> 18159 Dixie Highway, Suite 2
> Homewood, IL 60430

**Description of Conveyance Being Corrected (the "Original Conveyance"):**

> <u>Date:</u>                    July 31, 1981
>
> <u>Grantor:</u>            Dorothy M. Werner, a widow and not remarried
>
> <u>Grantees:</u>          Shirley Muench, Richard A. Werner, and Geraldine Fox, as joint tenants and not as tenants in common
>
> <u>Property Description:</u> The Southeast one-fourth (SE1/4) of Section 28, Block C-8, Public School Land Survey, Reeves County, Texas, containing 160 acres of land
>
> <u>Recording Data:</u>     Volume 408, Page 81, Deed Records of Reeves County, Texas

**Error Being Corrected:**

> The words "with rights of survivorship" were inadvertently excluded from the Original Conveyance after the words "not in Tenancy in Common but in Joint Tenancy" (in the first paragraph of the Original Conveyance).

**Correction:**

> Adding the words "with rights of survivorship" to the Original Conveyance after the words "not in Tenancy in Common but in Joint Tenancy" (in the first paragraph of the Original Conveyance).
>
> Other than the stated correction, no changes are being made hereby to the Original Conveyance as originally recorded, and the effective date of this Correction Quit Claim Deed relates back to the effective date of the Original Conveyance.

**Facts Relevant to the Correction:**

Grantor intended to convey her interest in the Property to Grantees as joint tenants with rights of survivorship, and not as tenants in common. This intent is clear from the words "not in Tenancy in Common but in Joint Tenancy" in the first paragraph of the Original Conveyance. The words "with rights of survivorship" were inadvertently excluded from the Original Conveyance as they are not necessary in Grantor's home jurisdiction of Illinois.

**Basis for Personal Knowledge of Facts Relevant to the Correction:**

Lantry was the attorney representing Grantor who drafted the Original Conveyance.

Lantry has personal knowledge of the facts relevant to the correction – he knows what Grantor intended.

A copy of this Correction Quit Claim Deed and notice has been provided to each party to the Original Conveyance (or their heirs and assigns). Evidence of notice is attached to this Correction Quit Claim Deed as Exhibit "A"

_Michael Lantry_
Michael Lantry

## Acknowledgment

State of ___Illinois___ §
§
County of ___Cook___ §

This instrument was acknowledged before me on the _3rd_ day of _April_, 2017, by **Michael Lantry**.

_signature_
Notary Public

(Personalized Seal)

> OFFICIAL SEAL
> CHARLES LANTRY
> NOTARY PUBLIC - STATE OF ILLINOIS
> MY COMMISSION EXPIRES:01/24/20

**AFTER RECORDING RETURN TO:**
Eric C. Camp
Decker Jones, P.C.
Burnett Plaza, Unit #46
801 Cherry Street, Suite 2000
Fort Worth, Texas 76102

Page 2 of 4

## Exhibit "A"

### AFFIDAVIT OF MAILING

STATE OF TEXAS §
§
COUNTY OF TARRANT §

BEFORE ME, the undersigned authority, on this day personally appeared **Timothy E. Malone**, known to me to be the person whose name is subscribed hereto, who after having been first duly sworn, deposed and under oath stated:

"My name is **Timothy E. Malone**. I am over the age of 18 and of sound mind. I am well and personally acquainted with the *Correction Quit Claim Deed to which this Affidavit is attached.* On the 1st day of April , 2017, I mailed the Correction Quit Claim Deed to which this Affidavit is attached by certified mail return receipt requested to the following described persons, being the successors and heirs of the Grantor and Grantee of the Original Instrument as described in the Correction Quit Claim Deed to which this Affidavit is attached.

Sheila Diane Stibolt
5058 Briarwood Circle N.
Keizer, OR 97303

Frank William Fouts
1140 E. County Line Rd.
Grant Park, IL 60940

Kurt W. Muench
1251 Ridge Road
Homewood, IL 60430

Lance A. Muench
20504 Dutka,
Chicago Heights, IL 60411

Mark A. Muench
10737 S. Hoyne
Chicago, IL 60643

Further affiant saith not."

AFFIANT

_____
**Timothy E. Malone**

Correction Quit Claim Deed                                    Page 3 of 4

**State of Texas** §
§
**County of Tarrant** §

Sworn to and subscribed to before me on the 17th day of _____April_____, 2017, by Timothy E. Malone.

_Debra G. Tietz_
Notary Public

Personalized Seal
**DEBRA G. TIETZ**
Notary ID 459139-2
My Commission Expires
April 4, 2020

Inst No. 17-06827
DIANNE O. FLOREZ
COUNTY CLERK
2017 Apr 24 at 04:07 PM
REEVES COUNTY, TEXAS
By: Rt _Rowena Ruiz_ DEPUTY

Correction Quit Claim Deed

Page 4 of 4





HOME    ABOUT    CONTRIBUTORS    CONTACT

# PRIMA FACIE

You are here: » **Home** » Prima Facie

In Latin meaning at first sight and refers to a fact which is presumed to be true or legally sufficient to establish that fact unless it is rebutted or disproved by evidence to the contrary.

## SEARCH TERMS BY LETTER

⊙ A

⊙ B

⊙ C

⊙ D

⊙ E

⊙ F

⊙ G

⊙ H

⊙ I

⊙ J

⊙ K

⊙ L

⊙ M

⊙ N

⊙ O

⊙ P

⊙ Q

⊙ R

⊙ S

⊙ T

⊙ U